HANG AND ASSOCIATES, PLLC
Xiaoxi Liu, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------------------------------X
QING CONG WEN, a/k/a
"NELSON," *on behalf of himself
and all others similarly situated,*

         Plaintiff,
    v.

AQUARIUS RESTAURANT GROUP
CORPORATION, Le Le a/k/a Leo Le, Wei Le,
and Joyce "Doe" (last name unknown),

         Defendants,
----------------------------------------------------------------X

Case No:

**COLLECTIVE ACTION**
**COMPLAINT**

Jury Trial Demanded

   Plaintiff Qing Cong Wen, a/k/a Nelson ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against Defendants Aquarius Restaurant Group Corporation, Le Le a/k/a Leo Le, Wei Le, and Joyce "Doe" (last name unknown) (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

   1.  This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, of the New Jersey State Wage and Hour Law, N.J.S.A.

§§34:11-56a *et seq.* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of federal and state labor laws by engaging in a pattern and practice of unlawfully retaining part of tips owed to Plaintiff who worked as a waiter and/or redistributing them to non-tipped employees in violation of Section 203(m) of the Fair Labor Standards Act, as well as of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unlawful tips retentions, (2) unpaid overtime wages; (3) liquidated damages; (4) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs;

4. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unlawful expropriation of tips, (2) unpaid overtime compensation; (3) prejudgment interest, (4) post-judgment interest, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District Court of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

7.     Plaintiff Qing Cong Wen, a/k/a Nelson ("Plaintiff") is an individual residing in Brooklyn, New York.

8.     From on or about August 16, 2016 to present, Plaintiff was employed by Defendants as a waiter in their restaurant located at 230-234 Main Street, Fort Lee, New Jersey 07024.

**DEFENDANTS**

*Corporate Defendant*

9.     Defendants own, operate, or control a restaurant located at 230-234 Main Street, Fort Lee, New Jersey 07024 under the name "Aquarius Seafood Restaurant."

10.    Upon information and belief, Aquarius Restaurant Group Corporation is a domestic business corporation organized under the laws of the State of New Jersey with the registered office located at 505 Summit Avenue, Fort Lee, New Jersey 07024 ("Corporate Defendant" or "Defendant Corporation").

11.    Upon information and belief, Corporate Defendant had more than twenty (20) employees.

12.    Upon information and belief, Corporate Defendant is at all relevant times a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13.    Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce. For instance, Defendant Corporation has employees who work on food items and cooking supplies originated outside the State of New Jersey.

14. At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendants*

*Le Le*

15. Upon information and belief, Defendant Le Le, a/k/a Leo Le, is the owner, officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq., and is jointly and severally liable with Corporate Defendant.

16. Upon information and belief, Defendant Leo Le is on the first board of directors of Defendant Corporation; Defendant Leo Le owns the stock of Defendant Corporation and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

17. Upon information and belief, Defendant Leo Le determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

*Wei Le*

18.     Upon information and belief, Defendant Wei Le is the owner, officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq., and is jointly and severally liable with Corporate Defendant.

19.     Upon information and belief, Defendant Wei Le determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

20.     Upon information and belief, Defendant Wei Le owns the stock of Defendant Corporation and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work.

*Joyce "Doe" (last name unknown)*

21.     Upon information and belief, Defendant Joyce "Doe" is the owner, officer, director and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq., and is jointly and severally liable with Corporate Defendant.

22.     Upon information and belief, Defendant Joyce "Doe" determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules

and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

23. Upon information and belief, Defendant Joyce "Doe" owns the stock of Defendant Corporation and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work.

24. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

26. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

27. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

28. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

29. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

30. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

31. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

32. Defendants committed the following alleged acts knowingly, intentionally and willfully.

33. Defendants knew that unlawful retention of gratuities, and/or operating a unlawful tip pooling scheme that includes both tipped and non-tipped employees, the nonpayment of overtime wages would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

34. From approximately August 16, 2016 to present, Defendants hired Plaintiff to work as a waiter for their restaurant named "Aquarius Seafood Restaurant" located at 230-234 Main Street, Fort Lee, New Jersey 07024.

35. Plaintiff Qing Cong Wen was interviewed by a manager surnamed Chen at Aquarius Seafood Restaurant, who, upon information and belief, recommended the hiring of Plaintiff to Le Le.

36. Le Le hired Plaintiff.

37. Le Le directly supervised Plaintiff, including giving him work assignments and controlled his work schedule.

38. Le Le determined the compensation of Plaintiff, including his rate of pay.

39. Le Le handled Plaintiff's payrolls including remitting wage payments to him.

40. Le Le has been regularly present at Aquarius Seafood Restaurant and managed the day-to-day operations of Defendant Corporation, including hiring and firing employees,

41. Le Le promulgates work assignments to Defendants' employees and sets their work schedule.

42. Le Le controlled employee records including payroll for Defendant Corporation.

43. Wei Le, sister of Le Le, frequently came to the restaurant and managed the day-to-day operations of Aquarius Seafood Restaurant, especially when Le Le was unable to be present.

44. Joyce "Doe", wife of Le Le, known as "Lady Boss" to Plaintiff, stepped in as manager of Aquarius Seafood Restaurant in the stead of Le Le from time to time.

45. As a waiter, Plaintiff provides direct customer service and was a "tipped employee" under FLSA. 29 U.S.C. §203(t).

46. Defendants did not provide Plaintiff proper notice regarding use of tip credit according to Section 203 of the Fair Labor Standards Act.

47. As a waiter, Plaintiff received tips directly from customers. The daily tip amount received by Plaintiff were allocated as follows: from Monday through Thursday on which Plaintiff worked, he received $70,00 to $80,00 per day; on Friday, he received about $100.00 to $120.00 per day; on Saturday and Sunday, he received $200.00 to $250.00 per day.

48. Upon information and belief, Plaintiff received tips in the amount of about $3,500.00 per month, or $875.00 per week.

49. Plaintiff was required to participate in a tip pooling scheme designed by Defendants that includes both tipped employees (waiters) and non-tipped employees (restaurant managers, including one manager surnamed "Ren").

50. Plaintiff, along with the other five (5) waiters of the Defendants' restaurant, was required to pool together their received tips on a daily basis; the pooled tips were then equally distributed among the two restaurant managers and the waiters, including Plaintiff.

51. Upon information and belief, by including non-tipped employees (restaurant managers) into the tip pool, Defendants deducted at least $400.00 tips per week due to Plaintiff.

52. At all relevant times, Plaintiff worked five days per week with Monday and Thursday/Friday off, and he worked the following schedule: on weekdays that Plaintiff worked, he was required to get on the bus operated by Defendant Corporation ("Corporate Bus") at 9:45 am, arriving at Defendants' restaurant at 10:45am. Thereafter Plaintiff worked in the restaurant until 10:00 pm. On Saturday and Sunday, Plaintiff was assigned to work on both early and late shifts. On the early shift, Plaintiff was required to get on the Corporate Bus at 9:00 am, arriving at the restaurant at 10:00 am, thereafter worked in the restaurant until 9:30 pm. On the late shift, Plaintiff was required to get on the Corporate Bus at 9:45 am, arriving at the restaurant at 10:45 am, then worked in the restaurant until 10:30 pm. On each day that Plaintiff worked, he was provided half-hour meal break and one-hour rest period. As a result, Plaintiff worked about forty-nine and one half (49.5) hours per week.

53. As evidenced by pay stubs received by Plaintiff, he was paid a fixed monthly rate of $500.00, regardless of the number of hours he worked.

54. Throughout his employment with Defendants, Plaintiff was not exempted under federal and state laws requiring employers to pay employees overtime.

55. Plaintiff received his compensation bi-weekly by check.

56. Plaintiff was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

57. Throughout Plaintiff's employment with Defendants, Defendants have had more than 20 employees at Aquarius Seafood Restaurant, including about 6 servers including Plaintiff.

## STATEMENT OF CLAIMS

### COUNT I.

### [Violation of the Fair Labor Standards Act — Improper Retention of Tips Brought on behalf of Plaintiff, FLSA Collective]

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. Plaintiff brings this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of himself and all other similarly situated persons, if any, who consent in writing to join this action.

60. The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee.

61. Upon information and belief, Defendants did not allow Plaintiff and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained and/or redistributed to non-tipped employees portions of the tips earned by Plaintiff and the FLSA Collective.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 203(m). Defendants were aware or should have been aware that

the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

64. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### [Violation of New Jersey Wage and Hour Law— Unlawful Retention and Distribution of Tips]

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

66. At all times relevant to this action, Plaintiff was employed by some or all of the Defendants within the meaning of NJWHL. N.J.S.A. §34:11-4.1.

67. Defendants willfully and unlawfully withheld and diverted Plaintiff's wages and tips in violation of N.J.S.A. §34:11-4.14.

68. Plaintiff is entitled to the amount of the tips and wages withheld and diverted from him due to Defendants willful violation of New Jersey Wage and Hour Law. N.J.S.A. §34:11-4.14(b).

## COUNT III

### [Violations of the Fair Labor Standards Act— Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

71. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

72. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime wages violated the FLSA.

73. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

74. The FLSA and supporting regulations require employers to notify employees of employment law requiring employers to notify employment law requirements. 29 C.F.R. §516.4.

75. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

76. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

77. Plaintiff (and the FLSA Collective Action Members) were damaged in an amount to be determined at trail.

## COUNT IV.
### [Violations of the New Jersey Wage and Hour Law—Overtime Wage]

78. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate Plaintiff is entitled to.

80. Defendants' failure to pay Plaintiff was not in good faith.

81. Because of Defendants' failure to pay Plaintiff, Plaintiff is entitled to recover from Defendants their full unpaid overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to the NJWHL §§ 34:11-56 et seq.

82. Plaintiff was damaged in an amount to be determined at trail.

## COUNT V.
### [Violations of the Fair Labor Standards Act—Minimum Wage Claim Brought on behalf of the Plaintiff and the FLSA Collective]

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. At all times relevant to this action, the Defendants were Plaintiff's employers within the meaning of 29 U.S.C. §203 (d).

85. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207 (a).

86. Defendants have willfully failed to compensate the Plaintiff and Collective Action Members the applicable minimum wage in violation of 29 U.S.C. §206 (a).

87. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional within the meaning of 29 U.S.C. §255(a). Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and Collective Action Members.

88. Due to Defendants' FLSA violations, Plaintiff and Collective Action Members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT VI.
### [Violation of New Jersey Wage and Hour Law—Claim for Minimum Wages]

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

91. At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

92. Defendants willfully failed to record, credit, or compensate Plaintiff the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically New Jersey Statutes Annotated 34:11-56 and applicable regulations.

93. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorney's fees and costs of the action, pursuant to the New Jersey Wage and Hour Law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the

      action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unlawfully retained gratuities due under FLSA and NJWHL plus compensatory and liquidated damages;

g)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

h)    The cost and disbursements of this action;

i)    An award of prejudgment and post-judgment fees; and

j)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
September 18, 2018

        Respectfully Submitted,

        HANG & ASSOCIATES, PLLC
        *Attorneys for Plaintiff and Proposed FLSA Collective*

       /s/ *Xiaoxi Liu*_____
       Xiaoxi Liu, Esq.
       136-20 38th Ave. Suite 10G
       Flushing, NY 11354
       Tel: (718) 353-8588
       Fax: (718) 353-6288
       Email: xliu@hanglaw.com

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Aquarius Restaurant Group Corporation, Le Le a.k.a Leo Le, Le Wei, Joyce "Doe" and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*QING CONG WEN*
Full Legal Name (Print)

*[signature]*
Signature

_____
Date